IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIFFANY BAKER,

Plaintiff,

v.

GRAÉ HOSPITALITY, LLC AND
RYAN REARDEN,

Defendants.

Case No.

JURY TRIAL DEMANDED

## COMPLAINT FOR VIOLATIONS OF 42 U.S.C. §2000E ET SEQ (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964), DEFAMATION, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, Tiffany Baker, by and through her attorney, Aaron B. Maduff, of Barrett & Farahany, complains against Graé Hospitality, LLC and Ryan Rearden (collectively, "Defendants"), and in support, states as follows:

## INTRODUCTION

1.      Plaintiff, Tiffany Baker, was the Director of VIP for Graé Hospitality, LLC, reporting to its owner, Ryan Rearden.  During her employ, Rearden demanded sexual favors of her, and she relented, having sexual intercourse with him on a number of occasions.  During some of these occasions, Rearden was violent including slapping her face and choking her, on one occasion to the point of her losing consciousness. Baker acquiesced to Rearden's sexual requests out of fear that she would otherwise be terminated, which is exactly what happened

when she finally refused his advances.

2.     Throughout her tenure from 2019 to 2023, Baker experienced a hostile work environment resulting from Defendants' pattern of discriminatory treatment and pervasive sexual harassment, including unwanted sexual advances, and physical injuries.  Plaintiff also suffered sex based discrimination in unequal pay and status compared to less qualified male colleagues as well as retaliatory actions including eventual termination after refusing sexual intercourse with Defendant Rearden, and complaining of sexual harassment and discrimination and finally having filed an EEOC Charge.

## PARTIES

3.     Plaintiff, Tiffany Baker (hereinafter "Plaintiff" or "Baker"), is a female individual and a citizen of the United States and of the State of Georgia residing within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.  At all relevant times, Baker was an employee within the meaning of 42 U.S.C. §2000e (f).

4.     Defendant, Graé Hospitality, LLC, (hereinafter "Defendant" or "Graé") is, on information and belief, a corporation licensed and doing business in the State of Georgia and within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.  At all times relevant hereto, Defendant was an employer within the meaning of 42 U.S.C. §2000e (b).

5.     Defendant, Ryan Rearden, (hereinafter "Rearden" or "Defendant Rearden") is, on information and belief, a male individual and a citizen of the United States and of the State of Georgia residing within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.

## JURISDICTION AND VENUE

6.     Plaintiff, Tiffany Baker, filed a Charge in November 2023 with the United States Equal Employment Opportunity Commission, Charge No. 410-2023-11069, which she amended on December 12, 2023, alleging disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  The EEOC issued a Notice of Right to Sue on that Charge on August 15, 2024.  This Complaint is timely filed within 90 days of that Notice.

7.     This court has original jurisdiction of this civil action pursuant to 28 U.S.C.§ 1331 in that the claims of this Complaint arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

8.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this District and a significant portion of the acts giving rise to this complaint occurred in this District.

## FACTS

Baker's Employment

10.     Baker was hired by Graé Hospitality, LLC in 2019 as a Junior VIP Host with a starting salary of $35,000 plus commission.

11.     During the COVID-19 pandemic in 2020, Baker's employment was suspended, but she was brought back to work off the books for $100 a day.

12.     In March of 2021, Baker was promoted to Director of VIP Operations with a salary increase to $50,000, taking on responsibilities including setting table minimums, managing cocktail waitresses, overseeing the VIP sales department, and supervising front door staff.

13.     In 2022, when the Marketing Director left Graé, Rearden had Plaintiff performing the job responsibilities of five people without increase in compensation or bonus structure. These jobs included, *inter alia*:

a.  Social Media Management: managing both the Domaine and Midtown Beach Club (MBC) social media accounts and creating content for both;

b.  Graphic Design: creating event flyers and print materials for magazines

for both Midtown Beach Club and Domaine;

    c.  VIP Operations: managing the operations of the VIP and door teams;

    d.  Artist Relations: handling all booked artists and contracts (redlining, editing, and signatures), managing ticket sales and ticket buyer data, and setting ticket prices for event and show dates; and

    e.  Website Design; designing the websites for MBC and Domaine and managing their subscribers.

14.    Throughout her employment, Baker consistently worked long hours, sometimes as many as 18 hours in a day.

<u>Sexual Harassment</u>

15.    In October of 2021, Baker attended a work trip to Las Vegas with Defendant Rearden and other colleagues, during which Rearden:

    a.  On several occasions initiated sexual contact with Baker, which she did not want but provided as an implied condition of her employment;

    b.  Engaged in aggressive sexual behavior with Baker, including choking her and slapping her across the face; and

    c.  Gave her more than one sexually transmitted infection.

16.    This was the beginning of a pattern of *quid pro quo* and hostile environment sexual harassment.

17.    Between October of 2021 and March of 2022, Rearden initiated and

secured sexual relations with Baker on approximately five occasions.

18.     Baker felt that her employment depended on her acquiescence.

19.     In December of 2021, Rearden gave Baker a gift card for a massage and a bottle of Dom Pérignon champagne.

20.     In March of 2022, Rearden "invited" Baker to a couples massage, after which he initiated further sexual relations.

21.     In June of 2022, following a work event, Rearden again initiated sexual relations with Baker, this time while she was intoxicated.

22.     In this instance, Rearden was sexually aggressive, choking Baker to the point where she lost consciousness.

23.     Eventually, Rearden's advances caused such severe distress that despite the risk to her employment, Baker rejected his advances.

Retaliation for Rejection of Sexual Advances

24.     After Baker began refusing Rearden's sexual advances, he became increasingly hostile towards her in the workplace, often asking her "why do you keep fucking up?"

25.     In January of 2023, Rearden presented Baker with an unjustified Performance Improvement Plan (PIP), which was conducted in a hostile manner with Rearden yelling at Baker and making unfounded accusations about her job performance.

26.     Rearden used the PIP as an excuse to suspend Baker for a week without pay to accomplish his purpose of further increasing her emotional distress.

27.     In his continuing effort to raise Baker's distress levels, Rearden began depriving Baker of her job responsibilities and her access to work-related systems and information.

Sex Discrimination

28.     From the beginning of Baker's employment and throughout, Rearden demonstrated a pattern of favoring male employees and providing them with higher salaries and preferential treatment.

29.     Rearden hired Chad Gloer, a male with no experience in the nightlife industry, at a base salary equal to Baker's.

30.     Rearden first hired another male, Sam Bonet, as a Door Man making $300 per night working three nights per week.

31.     Bonet was quickly promoted to VIP Operations Manager, taking work from Baker – which decreased her commissions (which were 4% of her sales). Meanwhile, Bonet was paid $20,000 more than Baker and given 10% commissions on all sales, including hers,[1] despite the fact that he was not and could not supervise her.

---

[1] Although the two were supposedly working as peers in the sales department, because of her superior experience and connections, Baker was making the lion's share of sales and Bonet was merely collecting commissions on her performance.

32.     At this point, Baker and Bonet were effectively peers although Bonet was paid considerably more.

33.     Thereafter, Bonet was promoted to General Manager, rather than Baker, who had far more experience and qualifications.

34.     With that promotion, he got a salary of over $200,000 per year, despite his lack of relevant experience.

35.     Plaintiff, by contrast, had five years' experience and retained a base salary of $50,000 per year.

36.     Baker filed an EEOC charge for sex discrimination, sexual harassment, pay discrimination, and retaliation against Defendants in November of 2023.

Retaliatory Termination / Quid Pro Quo Sexual Harassment Termination

37.     In retaliation for her finally successfully refusing his sexual advances, for the purpose of to damaging her professional reputation, Rearden made false statements about Baker to other employees and industry professionals, including claiming that she was suspended due to alleged alcoholism.

38.     To other employees, Rearden made comments including, "she's just stupid", "she doesn't know how to do her job".

39.     In December of 2023, Rearden removed Baker's access to work systems and threatened to have her escorted off the property by police, effectively terminating her and severely humiliating her in the process.

<u>Damages</u>

40.     From 2019 forward, Rearden's campaign of harassment and assault was aimed at torturing Plaintiff and effectively accomplished that goal.

a.  Rearden's unwelcome and violent sexual conduct caused Plaintiff physical injuries in addition to significant physical pain.

b.  Rearden's transmitting of sexual diseases was knowing and vicious and humiliated Baker.

c.  When Plaintiff refused his advances, Rearden denied her a deserved and expected promotion, stealing her dignity.

41.     As a result of his torment, Plaintiff suffered from and was diagnosed with Post-Traumatic Stress Disorder (PTSD) and suffered a variety of physiological symptoms including, *inter alia*:

a.  Increased heart rate;

b.  Intestinal issues;

c.  Weight gain and loss;

d.  Nightmares;

e.  Insomnia;

f.  Flashbacks;

g.  Intrusive thoughts;

h.  Anxiety;

    i.   Migraine headaches; and

    j.   Physical distress.

42.    Plaintiff began looking for another job in February of 2023, applying for somewhere near 100 jobs, but she received no responses.

43.    The reason became apparent when Plaintiff was informed by one of those prospective employers that Rearden had been reporting to other business owners that Plaintiff had a drinking problem, for which he suspended her.

## COUNT I

## DEMAND FOR RELIEF FOR SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000E *ET SEO.* TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44.    Plaintiff, Tiffany Baker, restates and realleges paragraphs 1 through 43 as paragraph 44 of this Count I.

45.    By virtue of the foregoing, Defendant created a sexually hostile environment for Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

46.    By virtue of the foregoing, Defendant subjected Plaintiff to *quid pro quo* sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

47.    As a result of Defendant's actions, Plaintiff suffered damages of both a

pecuniary and non-pecuniary nature.

48.     By virtue of the foregoing, Defendant's violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Tiffany Baker respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Graé Hospitality, LLC, for back pay, front pay, emotional distress, punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just.

## COUNT II

## DEMAND FOR RELIEF FOR SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E ET SEQ. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

49.     Plaintiff, Tiffany Baker, restates and realleges paragraphs 1 through 43 as paragraph 49 of this Count II.

50.     By virtue of the foregoing, Defendant discriminated against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

51.     As a result of Defendant's actions, Plaintiff was paid less than less qualified males and suffered other damages of both a pecuniary and non-pecuniary nature.

52.     By virtue of the foregoing, Defendant's violations were willful and

malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Tiffany Baker respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Graé Hospitality, LLC, for back pay, front pay, emotional distress, punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just.

## COUNT III

## DEMAND FOR RELIEF FOR RETALIATORY TERMINATION IN VIOLATION OF 42 U.S.C. § 2000E *ET SEQ.* TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

53.     Plaintiff, Tiffany Baker, restates and realleges paragraphs 1 through 43 as paragraph 53 of this Count III.

54.     By virtue of the foregoing, Defendant retaliated against Plaintiff her complaints about disparities in treatment and pay compared to her male coworkers in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

55.     By virtue of the foregoing, Defendant retaliated against Plaintiff for her eventual refusal to engage in sexual intercourse with Defendant Rearden in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

56.     As a result of Defendant's actions, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

57.    By virtue of the foregoing, Defendant's violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Tiffany Baker respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Graé Hospitality Services, for back pay, front pay, emotional distress, punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just.

## COUNT IV

## DEMAND FOR RELIEF DEFAMATION *PER SE* AGAINST ALL DEFENDANTS

58.    Plaintiff, Tiffany Baker, restates and realleges paragraphs 1 through 43 as paragraph 58 of this Count IV.

59.    By virtue of the foregoing, Defendant Rearden acting in his official capacity as owner of Defendant Graé Hospitality, LLC, published defamatory statements to others communicating that Plaintiff was an alcoholic.

60.    As a result of Defendant's actions, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

61.    By virtue of the foregoing, Defendants violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Tiffany Baker respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants jointly

and severally for compensatory damages, individually for punitive damages, and for such other and further relief as this Court deems just.

## COUNT V

## DEMAND FOR RELIEF FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT REARDEN

62.     Plaintiff, Tiffany Baker, restates and realleges paragraphs 1 through 43 as paragraph 62 of this Count V.

63.     By virtue of the foregoing, Defendant Rearden's conduct in demanding sexual relations in favor of continued employment, physical assaulting of Plaintiff, callously and intentionally giving Plaintiff a sexually transmitted disease, defaming Plaintiff, and terminating Plaintiff for putting an end to his sexual services was extreme and outrageous.

64.     As a result of Defendant Rearden's actions, Plaintiff suffered severe emotional distress to the point of causing her to suffer PTSD and to seek therapy.

65.     By virtue of the foregoing, Defendant's violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Tiffany Baker, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Ryan Rearden for damages and for such other and further relief as this Court deems

just.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
Tiffany Baker

By: s/ *Aaron B. Maduff*

Aaron B. Maduff
Georgia Atty. No. 548978
Barrett & Farahany
77 W Wacker Dr., Ste. 4500
Chicago, IL 60601
(312) 800-8581
Aaron@justiceatwork.com